UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,               ) | |
|         Respondent/Plaintiff,   ) | Case No.: 2:13-cr-00186-GMN-VCF-1 |
| vs.                                                           ) | |
|                                                                  ) | **ORDER** |
| ABDUL HOWARD,                              ) | |
|                                                                  ) | |
|         Petitioner/Defendant.   ) | |

Pending before the Court is the Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Am. § 2255 Mot."), (ECF No. 402), filed by Petitioner Abdul Howard ("Petitioner"). The Government did not file a Response. Instead, the Government filed a Motion to Dismiss Petitioner's Amended § 2255 Motion, (ECF No. 414), to which Petitioner did not file a Reply.

For the reasons discussed below, the Court **GRANTS** the Government's Motion to Dismiss Petitioner's Amended § 2255 Motion and **DENIES** Petitioner's Amended § 2255 Motion.

**I.   BACKGROUND**

The Court incorporates the background information and procedural history of this case from its previous Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*See* Order 1:16–3:2, ECF No. 376). After the Court entered its Order, Petitioner filed an appeal to the United States Court of Appeals for the Ninth Circuit, (*see* Notice Appeal, ECF No. 378), but was denied a certificate of appealability. (*See* Order USCA at 1, ECF No. 384). Petitioner subsequently filed two Motions for Reconsideration, (ECF Nos. 388, 396), which the Court denied. (Orders Denying Reconsideration, ECF Nos. 395, 399).

Petitioner then filed the instant Amended § 2255 Motion. (ECF No. 402). After filing his Amended § 2255 Motion, however, Petitioner appealed the Court's second order denying reconsideration, (Order Denying Reconsideration, ECF No. 399), to the Ninth Circuit. (Notice Appeal, ECF No. 403). The Ninth Circuit remanded "to the district court for the limited purpose of granting or denying a certificate of appealability." (Mem. at 1, ECF No. 406). The Court discusses Petitioner's Amended § 2255 Motion and whether a certificate of appealability is warranted below.

## II.   LEGAL STANDARD

A motion under U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255. However, the Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255 and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). A motion under Section 2255 is successive if it raises claims that were adjudicated, or could have been adjudicated, on the merits in a previous Section 2255 motion. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

If a petitioner files a successive petition, 28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). The Ninth Circuit must certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*.  Section § 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.  Thus, "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

III. **DISCUSSION**

    **A. Amended § 2255 Motion**

Here, Petitioner asserts the same grounds for relief from his conviction that were adjudicated on the merits in his first 28 U.S.C § 2255 Motion. (*Compare* Am. § 2255 Mot. *with* § 2255, ECF Nos. 351, 365, 371).  Specifically, Petitioner claims that his counsel provided ineffective assistance as set forth in *Strickland v. Washington*, 466 U.S. 668 (1994), by inadequately presenting his "actual innocence" defense through failing to impeach or subpoena witnesses.  The sole difference between the Motions is Petitioner now provides affidavits from alleged witnesses in support of his "actual innocence" defense. (*See generally* Am. § 2255 Mot.).

A claim "is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments . . . [or] proved by different factual allegations." *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999) (internal quotation marks omitted); *see Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir.

2013); *Cooper v. Brown*, 510 F.3d 870, 918 (9th Cir. 2007) ("A claim is not newly presented merely because the petitioner offers new factual bases in support of a legal claim that has already been raised."); *see also Pizzuto v. Blades*, 673 F.3d 1003, 1008 (9th Cir. 2012) (explaining that "federal courts will not consider new factual grounds in support of the same legal claim that was previously presented").

Here, Petitioner's Amended § 2255 Motion is predicated on his purported newly discovered evidence which allegedly proves his previously rejected actual innocence claim. As Petitioner asserts newly discovered evidence in support of a previously denied claim, it must be treated as a successive § 2255 motion. *See Fischer v. United States*, No. 20-cr-0006, 2020 WL 2733711, at *2 (W.D. Wash. May 26, 2020) ("To the extent Petitioner asserts any new grounds for relief, he has not demonstrated that such claims could not have also been adjudicated in his previous petition as well."); *Martinez-Luis v. Sinclair*, No. 20-cr-1611, 2020 WL 7753282, at *2 (W.D. Wash. Dec. 2, 2020) ("Here, Petitioner's petition is a second or successive petition because it raises claims that could have previously been adjudicated in Petitioner's first petition to this Court.").

Because Petitioner has not demonstrated that the Ninth Circuit authorized his filing of a successive petition as required by § 2255(h), this Court lacks jurisdiction to consider his § 2255 Motion and must therefore dismiss it. *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.") (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *Washington*, 653 F.3d at 1065 (holding that district court lacked jurisdiction to consider petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion).

///

///

### B. Certificate of Appealability

Because the Court has treated Petitioner's Amended § 2255 Motion as a successive § 2255 motion, the Court must issue or deny a certificate of appealability. *See United States v. Bowser*, No. 10-cr-0145, 2015 WL 12697734, at *4 (C.D. Cal. Dec. 28, 205) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). If a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability may issue only when reasonable jurists could find it "debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Here, reasonable jurists could not debate Petitioner's Amended § 2255 Motion asserts newly discovered evidence in support of a previously denied claim, which is properly treated as a successive § 2255 claim.[1] Because Petitioner has failed to meet the requirements of §2255(h), the Court lacks jurisdiction over his Amended § 2255 Motion. The Court therefore denies a certificate of appealability.

///

///

///

///

---

[1] For this same reason, reasonable jurists could not debate Petitioner's prior Motions for Reconsideration under Rule 60(b), (ECF Nos. 388, 396), presented claims for relief based on previously rejected arguments, which were properly treated as successive § 2255 motions. (*See generally* Orders, ECF Nos. 395, 399).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Amended § 2255 Motion, (ECF No. 402), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Petitioner's Amended § 2255 Motion, (ECF No. 414), is **GRANTED**.

**DATED** this __14__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court